**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERWORKS, INC.<br>1425 S. Sangre Road<br>Stillwater, OK 74074,<br><br>  Plaintiff,<br><br>v.<br><br>INTERWORKS S.A.<br>8 Iatrou Gogousi St.<br>Nea Efkarpia, GR-564 29<br>Thessaloniki, Greece,<br><br>    SERVE:<br>    INTERWORKS S.A.<br>    Walter E. Washington<br>    Convention Center<br>    Booth 1242<br>    801 Mt Vernon Pl NW<br>    Washington, D.C. 20001,<br><br>  Defendant. | Case no. 1:17-cv-01353 |

**VERIFIED COMPLAINT**

Plaintiff, InterWorks, Inc., by counsel, for its Verified Complaint against defendant Interworks S.A., alleges as follows:

**NATURE OF THE SUIT**

1. This action seeks monetary and injunctive relief against defendant Interworks S.A.'s infringing and unfair use of the trademark and trade name "Interworks."

**THE PARTIES**

2. InterWorks, Inc. ("InterWorks" or "Plaintiff") is a corporation organized and existing under the laws of the State of Oklahoma, having its office and principal place of business at 1425 S. Sangre Road, Stillwater, OK 74074.

3. On information and belief, InterWorks S.A. ("Defendant") is a foreign corporation with its principal place of business at 8 Iatrou Gogousi St., Nea Efkarpia, GR-564 29, Thessaloniki, Greece.

## JURISDICTION AND VENUE

4. This is a civil action arising under the Lanham Act of 1946, 15 U.S.C. § 1051, *et seq.*, as amended. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (any act of Congress relating to patents, copyrights and trademarks).

5. Defendant has purposely directed its activities at this District, including advertising its services using the infringing mark/name in the District causing harm to InterWorks in this District, which Defendant knew or should have known would be suffered in this District.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the injury to InterWorks giving rise to the claims in this action is occurring and will continue to occur in this District and pursuant to 28 U.S.C. § 1391(c) because Defendant is subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

### *Plaintiff and its Business*

7. InterWorks provides a wide range of computer and information technology related goods and services including computer networking and technical support services, web strategy and development, business intelligence/data analysis, and software development.

8. InterWorks has continuously used the INTERWORKS mark and trade name in U.S. Commerce from at least as early as 1996 in association with computer and information technology related goods and services including: full-stack IT infrastructure management;

networking; data storage and management; information security; IP telephone systems; outside CIO services; wi-fi networks; desktop and server hardware and software sales, services, and training; database administration, custom database development, data visualization infrastructure, design, and deployment; business intelligence software and training; business intelligence strategy and architecture; custom software development; and web design and development.

9. InterWorks also produces, sells, and maintains proprietary software products. InterWorks serves clients in nearly every industry, including: finance; health care; information services; manufacturing; education; energy production; online and brick-and-mortar retail; real estate; hospitality; entertainment; and gaming. InterWorks also serves clients of all sizes, from those in the Fortune 10 to small, independent entrepreneurs.

10. InterWorks promotes and provides its services throughout the United States through use of its INTERWORKS trademark and trade name and has customers in at least 34 states over the past 3 years alone.

11. InterWorks has offices and/or representatives throughout the United States including in the following cities: Houston, TX, Atlanta, GA; Chapel Hill, NC; Washington D.C.; Albany, NY; Omaha, NE; Denver, CO; Salt Lake City, UT; Dallas, TX; Seattle, WA; Portland, OR; New York, NY; Oklahoma City, OK; San Francisco, CA; Stillwater; OK; and Tulsa, OK.

12. InterWorks has received numerous awards and been recognized on the Inc. 5000 Fastest-Growing Private Companies list; on the Inc. Best Workplaces in the U.S. list; as a Dell Premier Partner; Tableau Partner of the Year; ShoreTel Champion Partner; CRN Triple Crown Winner; CRN Tech Elite 250; and Veeam Gold ProPartner.

13. InterWorks is the owner of U.S. Registration No. 4128351 for the INTERWORKS

mark directed to "Business data analysis through use of computer software." A true and accurate copy of U.S. Registration No. 4128351 is attached hereto as Exhibit A.

14. InterWorks is the owner of U.S. Registration No. 4625154 for the INTERWORKS mark directed to "Graphic design services in connection with software and web-based application development." A true and accurate copy of U.S. Registration No. 4625154 is attached hereto as Exhibit B.

15. InterWorks has trademark priority over Defendant by virtue of its common law usage and U.S. federal registration (hereinafter, collectively, the "INTERWORKS Mark") of the INTERWORKS Mark from 1996.

### *Defendant's Infringement of InterWorks' Rights*

16. On information and belief, Defendant acts as a servicer of third party cloud-based application software.

17. On information and belief, Defendant provides consulting services for businesses seeking to create or migrate a software application to cloud-based solutions.

18. In addition to its corporate name, Defendant is using the Internet domain "interworks.cloud."

19. On information and belief, at the time of Defendant's registration of the interworks.cloud domain name on January 22, 2016, Defendant was provided with notice of InterWorks' prior trademark registrations for the INTERWORKS Mark and proceeded to register and use the interworks.cloud domain name with knowledge of InterWorks' trademark priority.

20. In addition to the use of the interworks.cloud domain name, Defendant utilizes various other marks including "Interworks" and even makes use of InterWorks' stylization of the

INTERWORKS Mark with a capital "W."

21. For example, on information and belief, Defendant operates the Twitter handle "@interworksus."

22. On information and belief, Defendant commenced operations under the Interworks name in Greece subsequent to InterWork's commencement of use and registration of the INTERWORKS Mark, and Defendant has gradually expanded its marketing and use of the infringing name/mark to the U.S. including to this District.

23. In July 2015, Defendant presented at the Microsoft Worldwide Partner Conference (the "2015 WPC") in Orlando, Florida.

24. On information and belief, the images below are screenshots of a video posted to a YouTube account operated by Defendant. This video reflects a portion of Defendant's presentation at the 2015 WPC, where Defendant referred to itself as "Interworks."



5



25.    As of the date of filing of this Complaint, the video described in paragraph 24 is still accessible on YouTube.

26. The following image is a screenshot of Defendant's website, where Defendant again refers to itself as "Interworks."



27. As of the date of filing of this Complaint, the content described in paragraph 26 is still accessible on Defendant's website and YouTube.

28. Defendant's U.S. distributor and/or related company was formerly known as Interworks US, LLC.

29. On or around August 17, 2016, InterWorks sent a letter to Interworks US, LLC, advising this company that its "continued use of 'Interworks', 'Interworks US' and/or 'Interworks.cloud' in the U.S. will constitute trademark infringement, trademark dilution, and unfair competition in violation of U.S. federal and state laws."

30. In response to the August 17, 2016 letter, Applicant's U.S. related company acquiesced, agreeing to cease all use of the INTERWORKS Mark and to change its corporate

name.

31. By correspondence dated September 26, 2016, counsel for Applicant's U.S. distributor provided confirmation of the corporate name change of Applicant's U.S. related company.

32. Despite changing the name of its U.S. related company, Defendant continues to make unauthorized use of the INTERWORKS Mark.

33. Defendant also continues to pursue U.S. federal registration of an INTERWORKS formative mark under U.S. Application Serial No. 79185553, which InterWorks has opposed.

34. Microsoft changed the name of its annual Worldwide Partner Conferences to "Inspire," and the 2017 Microsoft Inspire conference is currently being held at the Walter E. Washington Convention Center in the District from July 9 through July 13, 2017.

35. On information and belief, attendees of the Microsoft Inspire conference are in the market for goods and services similar to those provided by InterWorks and Defendant.

36. Defendant is currently participating in the 2017 Microsoft Inspire conference in the District and is advertising and selling its services through unauthorized use of the INTERWORKS Mark—as shown by the following photos.





37. Defendant is also distributing marketing materials at the 2017 Microsoft Inspire conference including unauthorized use of the INTERWORKS Mark—as shown by the following photo.



38.  Defendant's unauthorized use of the INTERWORKS Mark in the United States has caused actual consumer confusion in the marketplace including, for example, confusion by a senior executive of a major business partner of InterWorks.

## COUNT I
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

39.  InterWorks realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

40.  The U.S. Patent and Trademark Office issued to InterWorks service mark registration for the INTERWORKS Mark, U.S. Registration Nos. 4128351 & 4625154. InterWorks is the sole and exclusive owner of the INTERWORKS Mark.

41.  Notwithstanding InterWorks' statutory and common law rights in the INTERWORKS Mark, with knowledge of the INTERWORKS Mark, and with actual and constructive notice of InterWorks' federal registration rights in the INTERWORKS Mark, Defendant is promoting and selling in interstate commerce various computer software related goods and services under marks identical or confusingly similar to the INTERWORKS Mark – including at least Interworks, InterworksUS, and interworks.cloud – without InterWorks' authorization or consent.

42.  Such copying and use by Defendant of the INTERWORKS Mark is likely to cause confusion, deception, and mistake among the members of the public and the trade as to the source or affiliation of Defendant and InterWorks.

43.  Defendant's unauthorized and wrongful use of marks identical or confusingly similar to the INTERWORKS Mark in connection with the unauthorized sale of various computer software related goods and services is likely to confuse and deceive members of the

public and trade as to the origin, sponsorship and affiliation of Defendant and products sold by Defendant, and to cause such persons to mistakenly believe that Defendant is associated with InterWorks and to mistakenly believe that Defendant's sales various computer software related goods and services using marks identical or confusingly similar to the INTERWORKS Mark are authorized by InterWorks.

44. Defendant's unauthorized use of marks identical or confusingly similar to the INTERWORKS Mark in connection with the advertising and sale of various computer software related goods and services is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers as to sponsorship, endorsement, association, or connection between Defendant and InterWorks. Products sold or advertised by Defendant through use of marks identical or confusingly similar to the INTERWORKS Mark would reasonably be thought by consumers to be authorized by InterWorks when, in fact, they are not.

45. The likelihood of confusion, deception, and mistake among the members of the public and the trade as to the source or affiliation of Defendant and InterWorks is evidenced by the actual confusion occurring in the marketplace.

46. The foregoing actions of Defendant have caused great and irreparable injury to InterWorks and, unless said acts are enjoined by the Court, said acts will continue and InterWorks will continue to suffer great and irreparable injury.

47. The above acts by Defendant constitute trademark infringement of the registered INTERWORKS Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48. The foregoing actions of Defendant have been knowing, deliberate, willful and in utter disregard of InterWorks' rights.

## COUNT II
## UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

49. InterWorks realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

50. Defendant's actions create, cause and/or contribute to a false association between Defendant and products and services provided by InterWorks. Defendant thereby causes and contributes to consumer confusion as to the origin of, or affiliation between, Defendant and InterWorks and its products, and has traded unfairly upon InterWorks' goodwill and reputation, and continues to do so.

51. The foregoing actions of Defendant have caused great and irreparable injury to InterWorks and, unless said acts are enjoined by the Court, said acts will continue and InterWorks will continue to suffer great and irreparable injury.

52. The above acts by Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. The foregoing actions of Defendant have been knowing, deliberate, willful and in utter disregard of InterWorks' rights.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

54. InterWorks realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

55. The copying and/or using by Defendant of the INTERWORKS Mark is a false designation of origin that wrongly and falsely designates that services marketed and sold by Defendant now, or in the future, originate from, are connected with, authorized by, or otherwise

associated with InterWorks.

56. The foregoing actions of Defendant have caused great and irreparable injury to InterWorks and, unless said acts are enjoined by the Court, said acts will continue and InterWorks will continue to suffer great and irreparable injury.

57. The above acts by Defendant constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. The foregoing actions of Defendant have been knowing, deliberate, willful, and in utter disregard of InterWorks' rights.

## PRAYER FOR RELIEF

WHEREFORE, InterWorks respectfully requests that the Court:

1. Enter judgment on its behalf against Defendant on all counts;

2. Enter a judgment that Defendant has willfully and deliberately committed acts of trademark infringement, unfair competition, and false designation of origin;

3. Enter a permanent injunction barring Defendant and its officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participating with any of them from:

   i    committing any further acts of trademark infringement, unfair competition, and false designation of origin;

   ii   using any term which is likely to be confused with Plaintiff's INTERWORKS Mark;

   iii  committing any other acts calculated to cause consumers and the general public to believe that Defendant's good and/or services are Plaintiff's and from competing unfairly with Plaintiff in any manner;

   iv   using the INTERWORKS Mark in any way in the conduct of its business, advertising, and in promoting its business;

   v    using the domain name interworks.cloud or any similar domain name containing the INTERWORKS Mark; and

  vi  operating the Twitter handle @interworksus or other social media uses of account names or "handles" that are identical or confusingly similar to the INTERWORKS Mark.

4. Enter an order transferring ownership and control of the registration for the domain name interworks.cloud to Plaintiff;

5. That the Court instruct the U.S. Patent and Trademark Office to refuse registration of U.S. Application Serial No. 79185553 filed by Defendant;

6. That judgment be entered in favor of InterWorks and against Defendant for all damages sustained by InterWorks due to Defendant's trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act;

7. That an accounting be ordered in favor of InterWorks and against Defendant for all profits received due to Defendant's trademark infringement, unfair competition, and false designation of origin in violation of the Lanham Act;

8. That Defendant be required to pay InterWorks damages pursuant to 15 U.S.C. § 1117(a);

9. That the award to InterWorks for Defendant's trademark infringement, unfair competition, false designation of origin, false advertising, commercial defamation in violation of the Lanham Act be trebled and/or increased in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

10. That actual, compensatory and punitive or exemplary damages, where available, be entered against Defendant for its wrongful actions;

11. That the Court order such relief as it may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product displayed, advertised, sold or otherwise circulated or promoted by Defendant is authorized by or affiliated with InterWorks;

12. That the Court order an award of costs and reasonable attorneys' fees incurred by

InterWorks in connection with this action;

13.     That InterWorks be awarded pre-judgment interest and post-judgment interest on the above damages awards; and

14.     Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.


Dated: July 10, 2017         By:     /s/ Attison L. Barnes, III /s/
                                     Attison L. Barnes, III (DC Bar No. 427754)
                                     David E. Weslow (DC Bar No. 480713)
                                     WILEY REIN LLP
                                     1776 K St. NW
                                     Washington, DC 20006
                                     (202) 719-7000 (phone)
                                     (202) 719-7049 (fax)
                                     abarnes@wileyrein.com
                                     dweslow@wileyrein.com

                                     *Counsel for InterWorks, Inc.*

## **VERIFICATION**

    I, William Joyce, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am General Counsel of InterWorks, Inc. and the facts contained in the foregoing Verified Complaint are true and correct.

_____
William Joyce, General Counsel

 July 8, 2017_____
Date